UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR ALONZO CURETON
and TIAJAH TREVON CURETON,

        Plaintiff,

  v.

Case No. 23-cv-551-pp

ABC NETWORK, DISNEY,
APPLE, INC. and HULU,

        Defendants.

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE**

      On May 1, 2023, the plaintiffs—who are representing themselves—filed a complaint alleging that the defendants had infringed on their intellectual property as well as that of their company, A1 Connection LLC. Dkt. No. 1. Plaintiffs Arthur Cureton and Tiajah Cureton both filed requests to proceed without prepaying the filing fee. Dkt. Nos. 2, 7. Arthur Cureton also filed a motion asking the court to appoint counsel so that he could proceed with claims on behalf of A1 Connection. Dkt. No. 3. The court granted the requests to proceed without prepaying the filing fee and screened the complaint. Dkt. No. 8. The court determined that the complaint failed to state a claim because it was unclear what the plaintiffs' intellectual property was and how the defendants allegedly had infringed on it. Id. at 7–8. The court also explained that the plaintiffs could not bring any claims on behalf of their company unless

1

the company was represented by a lawyer. Id. at 8–9. The court directed the plaintiffs to amend their complaint to add more factual detail to their allegations and to list only Arthur Cureton and Tiajah Cureton as plaintiffs (unless they obtained an attorney for the limited liability corporation). Id. at 9–10.

The court also denied without prejudice Arthur Cureton's motion to appoint counsel. Id. at 14. The court explained that Arthur Cureton had not sufficiently "described the steps he took to find an attorney, or advised the court of the responses of the lawyers he did contact." Id. at 12–13. The court advised Arthur Cureon that even if he provided the court with this information, the court would have authority to appoint counsel to represent only Cureton himself, not Cureton's limited liability corporation. Id. at 13.

On June 7, 2024, the court received from an amended complaint listing only Arthur Cureton and Tiajah Cureton as plaintiffs. Dkt. No. 9 at 1. This order screens the amended complaint. Because the amended complaint does not state a claim upon which relief can be granted, the court will dismiss the complaint without prejudice.

**I.    Screening the Amended Complaint**

    A.    Legal Standard

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The court must "liberally construe[]"
2

documents filed by self-represented persons. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). A complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to *require* the court to bring to the attention of the pro se litigant or to decide the *unraised* issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (emphasis in original) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Even though courts liberally construe their pleadings and other filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs do not need to plead every fact supporting their claims; they need only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions

3

and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.  The Plaintiff's Allegations

The amended complaint contains the following brief allegations:

> 1. UNKNOWN: ABC NETWORKS and Affiliates: APPLE INC: and Affiliates: HULU: and Affiliates. 2. Infringed my Intellectual Property and Brand: 3. Infringment [sic] started, April, 1999, thur [sic] March 2008, to Current date 6/6/2024: 4. On all MEDIA OUTLETS (Visual) (Sound) (Image) (Publishing) and (Streaming Awards) and (Telecommunication Devices) 5. (New Technolog)

Dkt. No. 9 at 3. The amended complaint seeks "lost income" and damages for "pain and suffering," and asks the court to order the defendants and their affiliates to "obtain a License from Arthur Alonzo Cureton to Offer, and Promote Streaming Channels, with me Arthur A. Cureton." Id. at 4.

The plaintiffs attached several exhibits to the amended complaint in an apparent attempt to identify trademarks and copyrights that A1 Connection has registered with the state of Wisconsin and the United States Copyright Office. Dkt. No. 9-1 at 4, 7–9, 16–17. The copyrighted works are titled "BE HUMBLE" and "camera roll." Id. at 4, 7. The trademarks registered with the state of Wisconsin are "LION :_ KING," "SOFT PRODUCTS := SPIO," "RECORD LABLE :- A" and "EMERGING INDUSTRIES." Id. at 8–9, 16–17. The plaintiffs also submitted a list of 189 works Arthur Cureton has registered with Broadcast Music, Inc. ("BMI"). Id. at 10–14. These include works titled "AIR JORDAN," "APPLE DOT NET," "FACEBOOK," "I AM BILL GATES," "NEW GOOGLE," "NFL" and "SUPER BOWL 50." Id. Also attached to the complaint is a list of websites. Id. at 20. It is unclear whether the plaintiffs are alleging that

4

these websites are the location of infringing content or if they are asserting that they have an intellectual property right of some kind in those websites.

The exhibits include what appears to be a demand letter from A1 Connection and Arthur Cureton to "Disney Legal Department" dated December 2021. Id. at 5–6. The plaintiffs did not provide any evidence that this letter was sent to "Disney Legal Department." Also included in the exhibits is a document identifying the attorneys Arthur Cureton says that he has contacted for representation and related documents regarding his attempts to secure counsel through various legal clinics. Id. at 1–2, 21–25.

A few days after it received the amended complaint, the court received a "Supplement." Dkt. No. 10. This filing contains a typed version of the demand letter attached as an exhibit to the complaint, again with no proof that it was sent (or received). Id. at 1. The supplement also includes several of Arthur Cureton's applications for registration of various trademarks with the Wisconsin Department of Financial Institutions. Id. at 2–21. These appear to be applications for the following trademarks: "ATM.," "Amazon Music:," "Apple Music:," "The word Apex: A loop symbol with the letter A on top," "Picture of A T;7 Clift, Notation symbol for start of a song with words in the bottom Clique Music Apple Music," "Apple Media.," "Intellectual Property-IP.," "A.," "Behumble. A picture of an apple with a mask and bowtie with the word Be in left eye and the word humble in right eye," "POP NEW'S," "Equal Trades Media," "Entertainment Television," "CLIQUE Music. Apple Music. A reverse

5

Treble with 3 lines on right side" and "Apex. a pyramid on top of A.Loop thread." Id.

It also appears that the exhibits to the amended complaint include a request from Arthur Cureton that the court appoint counsel. See Dkt. No. 9-1 at 1–2 ("Plaintiff has made a good faith effort and requests that the Court grant Plaintiff's Motion to Appoint Counsel.").[1]

C.  Analysis

The amended complaint does not remedy the deficiencies that the court identified in its March 31, 2024 order. The amended complaint alleges that the defendants infringed the plaintiffs' "intellectual property and brand," but still does not tell the court *what* the plaintiffs' intellectual property *is*. The exhibits to the amended complaint reflect that the plaintiffs have filed for copyright registration on works titled "BE HUMBLE" and "camera roll" and registered trademarks with the state of Wisconsin for "LION :_ KING," "SOFT PRODUCTS := SPIO," "RECORD LABLE :- A" and "EMERGING INDUSTRIES." Dkt. No. 9-1 at 4, 7–9, 16–17. But the amended complaint does not explain which of these intellectual properties the defendants allegedly infringed—one of them? all of them? some of them?

The "supplement" submitted is no more helpful than the exhibits to the amended complaint. To state a claim for trademark infringement, the plaintiffs must possess a validly registered trademark. Uncommon, LLC v. Spigen, Inc.,

---

[1] Arthur Cureton cannot renew his motion to appoint counsel through an exhibit to an amended complaint. If he wanted to renew the motion, he needed to file a renewed motion for appointment of counsel.

6

Case 2:23-cv-00551-PP    Filed 10/16/24    Page 6 of 8    Document 11

926 F.3d 409, 419 (7th Cir. 2019). The supplement contains only the plaintiffs' *applications* for registration; it does not show that a certificate of registration for any of the trademarks was issued by the state of Wisconsin. To the extent that the plaintiffs assert an intellectual property interest in the 189 works registered with BMI, they should be aware that registration with BMI alone does not provide a copyright interest in a work. See https://www.bmi.com/faq/category/copyright ("Registering a song with BMI will only allow you to receive performance royalties if that song gets performed; it does not give you protection under copyright law.").

Even if the court assumed that the plaintiffs had validly registered all the identified works and marks, the amended complaint also does not explain *how* the defendants allegedly infringed upon the plaintiffs' intellectual property. The bare assertion that the defendants "infringed" is not enough. Stating that the infringement occurred "on all media outlets" is not enough. The court still does not know what the defendants allegedly did on those "media outlets" to infringe upon any of the identified works.

The court already has granted leave for the plaintiffs to amend their complaint once and provided specific guidance on how to amend their complaint to state a claim for intellectual property infringement. Dkt. No. 8 at 10 ("The plaintiffs also must explain specifically *how* [] each defendant used or infringed on their intellectual property. . . . The plaintiffs must explain what each defendant did, where they did it and approximately when they did it."). The court warned the plaintiffs that if they failed to provide the necessary

7

details, the court would dismiss the case. Id. Because the plaintiffs failed to provide the necessary facts supporting a claim of intellectual property infringement, the court will dismiss this case without prejudice.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiffs' failure to state a claim upon which relief can be granted. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 16th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**